NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KEVIN ROBY, | ) | No. C 08-1113 JF (PR) |
| | ) | |
| Plaintiff, | ) | ORDER OF PARTIAL DISMISSAL |
| | ) | AND OF SERVICE; DIRECTING |
| vs. | ) | DEFENDANTS TO FILE |
| | ) | DISPOSITIVE MOTION OR |
| T. STEWART, et al., | ) | NOTICE REGARDING SUCH |
| | ) | MOTION |
| Defendants. | ) | |
| | ) | |

Plaintiff, a California prisoner incarcerated at Pelican Bay State Prison ("PBSP") and proceeding pro se, filed the instant civil rights action pursuant to 42 U.S.C. § 1983 against California state prison officials. Plaintiff has been granted leave to proceed in forma pauperis in a separate written order. The Court will dismiss two of Plaintiff's four claims because they fail to state a cognizable basis for relief, and order service of the complaint based on Plaintiff's other cognizable claims.

**DISCUSSION**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify

any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

Having reviewed the complaint, the Court finds that Plaintiff's allegations, liberally construed, state cognizable claims against Defendants Wheeler, Lucarelli, and Trujillo that they: (1) violated his Eighth Amendment rights by housing him with an inmate who posed a threat to and ultimately attacked Plaintiff; and (2) violated his First Amendment right to freely exercise his religion by housing him with an inmate who physically assaulted Plaintiff based on his religious views as a "satanist."

Plaintiff also claims that Defendants that they violated his constitutional rights by confiscating and withholding his personal property. Specifically, he alleges that Defendants falsely represented to Plaintiff that his personal property was being withheld at the behest of the District Attorney, who was deciding whether or not to prosecute Plaintiff for an altercation with his cellmate. According to Plaintiff, however, the District Attorney never ordered the property confiscated or withheld, and that Defendants' were therefore not authorized to take or keep his personal property.

The federal right to due process ordinarily requires notice and an opportunity for some kind of hearing prior to the deprivation of a significant property interest. See Memphis Light, Gas & Water Div. v. Craft, 436 U.S. 1, 19 (1978). Neither the negligent nor intentional deprivation of property states a due process claim under § 1983, however, if the deprivation was random and unauthorized. See Parratt v. Taylor, 451 U.S. 527,

535-44 (1981) (finding no claim where state employee negligently lost prisoner's hobby kit), overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327, 330-31 (1986); Hudson v. Palmer, 468 U.S. 517, 533 (1984) (finding no claim based on intentional destruction of inmate's property). The availability of an adequate state post-deprivation remedy, e.g., a state tort action, precludes relief because it provides sufficient procedural due process. See Zinermon v. Burch, 494 U.S. 113, 128 (1990); King v. Massarweh, 782 F.2d 825, 826 (9th Cir. 1986). California law provides such adequate post-deprivation remedy. See Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895). Here, as noted, Plaintiff alleges that Defendants confiscated and withheld his personal property without authorization because the District Attorney had not in fact ordered them to do so. As the alleged deprivation of property was unauthorized, it does not implicate his right to due process. Although Plaintiff may bring a tort claim in state court for the loss of his personal property, such a claim does not state a cognizable claim for relief under federal law.

Plaintiff also claims that his Fourth Amendment rights were violated because he was released from PBSP's Secured Housing Unit ("SHU") into the general population approximately eight months later than he believes he should have been released. Plaintiff alleges that he should have been released from the SHU on April 21, 2007, but Defendants detained him in the SHU on administrative segregation because the District Attorney had placed a "do not transfer" detainer on him, and because Defendants believed that he was at risk of harm at the hands of Christian inmates. Defendants ultimately released him into the general population on December 12, 2007. The Fourth Amendment protects against "unreasonable searches and seizures." Plaintiff cites no authority, and the Court is aware of none that an inmate's detention in the SHU on administrative segregation implicates constitutes a "seizure" under the Fourth Amendment or otherwise implicates his Fourth Amendment rights. Cf. Anderson v. County of Kern, 45 F.3d 1310, 1315-16 (9th Cir. 1995) (indeterminate sentence in administrative segregation does not

violate Eighth Amendment).

In limited circumstances, the indefinite detention of an inmate on administrative segregation may implicate a state created liberty interest protected by the Fourteenth Amendment's right to due process, see <u>Sandin v. Conner</u>, 515 U.S. 472, 484 (1995), <u>Wilkinson v. Austin</u>, 545 U.S. 209, 223-25 (2005), but the allegations in this case are clear that the detention in the SHU was finite. In addition, the right to due process guarantees only certain procedural protections in connection with SHU placement, not freedom from such placement altogether. <u>See</u> <u>Raditch v. United States</u>, 929 F.2d 478, 481 (9th Cir. 1991) (violation of procedural due process rights requires only procedural correction and not a reinstatement of the substantive right); <u>Toussaint v. McCarthy</u>, 801 F.2d 1080, 1100 (9th Cir. 1986) (setting forth procedural protections required by due process). Here, Plaintiff that claims he should not have been detained in the SHU, not that Defendants failed to adhere to any of the procedures required by due process. Accordingly, Plaintiff's allegations with respect to his detention in the SHU do not state a claim for the violation of federal law.

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1. Plaintiff's first and second claims, against Defendants Wheeler, Lucarelli and Trujillo, are, when liberally construed, cognizable. Plaintiff's third and fourth claims, for the deprivation of personal property and detention in administrative segregation, are DISMISSED for failure to state a cognizable basis for relief.  The claims against Defendants Horel, Stewart, Riese, Bradbury, Cooke and O'Dell are DISMISSED and these Defendants are TERMINATED from this action.

2. The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint in this matter, all attachments thereto, and a copy of this order upon **Captain S. Wheeler, Correctional Counselor T. Lucarelli, and Correctional Counselor S. Trujillo** at **Pelican Bay State**

**Prison.** The Clerk shall also mail courtesy copies of the Complaint and this order to the California Attorney General's Office.

3.    No later than **ninety (90) days** from the date of this order, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claim in the complaint found to be cognizable above.

   a.    If Defendants elect to file a motion to dismiss on the grounds that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Defendants shall do so in an unenumerated Rule 12(b) motion pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003), cert. denied Alameida v. Terhune, 540 U.S. 810 (2003).

   b.    Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. **Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.**

4.    Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **thirty (30) days** from the date Defendants' motion is filed.

   a.    In the event Defendants file an unenumerated motion to dismiss under Rule 12(b), Plaintiff is hereby cautioned as follows:[1]

   The Defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies. The motion will, if granted, result in the dismissal of your case. When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says. Instead, you must set out specific

---

[1] The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). See Wyatt v. Terhune, 315 F.3d at 1120 n.14.

Order of Partial Dismissal and of Service; Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion
G:\PRO-SE\SJ.Jf\CR.08\Roby113srv.wpd            5

facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the Defendant's declarations and documents and show that you have in fact exhausted your claims. If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

   b. In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to Plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

   5. Defendants shall file a reply brief no later than **fifteen (15) days** after Plaintiff's opposition is filed.

   6. The motion shall be deemed submitted as of the date the reply brief is due.

1 | No hearing will be held on the motion unless the Court so orders at a later date.

2 |       7.     All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

      8.     Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order is required before the parties may conduct discovery.

      9.     It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: 5/2/08

JEREMY FOGEL
United States District Judge

Order of Partial Dismissal and of Service; Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion
G:\PRO-SE\SJ.Jf\CR.08\Roby113srv.wpd                7