NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN ROBY,<br><br>        Plaintiff,<br><br>  vs.<br><br>T. STEWART, et al.,<br><br>        Defendants. | No. C 08-1113 JF (PR)<br><br>ORDER DENYING REQUEST TO REINSTATE DISMISSED CLAIM<br><br><br><br><br>(Docket Nos. 6 & 7) |

Plaintiff, a California prisoner incarcerated at Pelican Bay State Prison ("PBSP") and proceeding pro se, filed the instant civil rights action pursuant to 42 U.S.C. § 1983 against California state prison officials. The Court dismissed claims three and four of Plaintiff's claims because they failed to state a cognizable basis for relief, and ordered service of the complaint based on Plaintiff's other cognizable claims. Plaintiff has filed a "Notice of Error in Order of Partial Dismissal of Plaintiff's Complaint and Redress of Plaintiff's Third Claim for Relief." (Docket No. 6.) Plaintiff has recently sent a letter requesting the Court to construe the "Notice of Error" as a "Notice of Objection." (Docket No. 7.) The request (Docket No. 7) is GRANTED, and the Court will herein consider whether the third claim should be reinstated.

Plaintiff asserts that his third claim meets the minimum requirements for stating a

Order Denying Request to Reinstate Dismissed Claim
P:\PRO-SE\SJ.JF\CR.08\Roby113_misc.wpd       1

claim for relief under § 1983 because the claim "(1) alleged that "his Fourth Amendment right to be free of unreasonable seizure was violated when defendants seized all of his personal property and refuse to return it, and (2) that defendants committed this violation acting under color of state law." (Pl.'s Notice. at 2.) Plaintiff is mistaken. As the Court stated in the order of partial dismissal, (Docket No. 5 at 2-3), the intentional deprivation of property does not rise to the level of a due process violation under § 1983 **if the deprivation was random and unauthorized as was the case in Plaintiff's third claim**.[1] See Parratt v. Taylor, 451 U.S. 527, 535-44 (1981) (finding no claim where state employee negligently lost prisoner's hobby kit), overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327, 330-31 (1986); Hudson v. Palmer, 468 U.S. 517, 533 (1984) (finding no claim based on intentional destruction of inmate's property) (emphasis added). The availability of an adequate state post-deprivation remedy, e.g., a state tort action, precludes relief because it provides sufficient procedural due process. See Zinermon v. Burch, 494 U.S. 113, 128 (1990); King v. Massarweh, 782 F.2d 825, 826 (9th Cir. 1986). California law provides such adequate post-deprivation remedy. See Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895). Therefore, Plaintiff may bring a tort claim in state court for the loss of his personal property, but this claim does not state a cognizable claim for relief under federal law. Accordingly, Plaintiff's request to reinstate the third claim is DENIED. (Docket No. 6.)

Plaintiff's request for extension of time (Docket No. 7) is DENIED as moot.

DATED: 6/19/08

JEREMY FOGEL
United States District Judge

---

[1] In his third claim, Plaintiff alleged that Defendants confiscated and withheld his personal property without authorization because the District Attorney had not in fact ordered them to do so. The Court found that because the alleged deprivation of property was unauthorized, it did not implicate his right to due process. (See Docket No. 5 at 3.)