EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Chief Assistant Attorney General
ROCHELLE C. EAST
Acting Senior Assistant Attorney General
JONATHAN L. WOLFF
Supervising Deputy Attorney General
SCOTT J. FEUDALE, State Bar No. 242671
Deputy Attorney General
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA 94102-7004
  Telephone: (415) 703-5871
  Fax: (415) 703-5843
  Email: Scott.Feudale@doj.ca.gov

Attorneys for Defendants Wheeler, Lucarelli, and Trujillo

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KEVIN ROBY,<br><br>                      Plaintiff,<br><br>v.<br><br>T. STEWART, et al.,<br><br>                      Defendants. | CASE NO. C 08-1113 JF (PR)<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES** |

TO PLAINTIFF KEVIN ROBY (PLAINTIFF), IN PRO SE:

PLEASE TAKE NOTICE that Defendants Wheeler, Lucarelli, and Trujillo move the Court to dismiss this 42 U.S.C. § 1983 action against them for Plaintiff's failure to exhaust administrative remedies under the non-enumerated portion of Rule 12(b) of the Federal Rules of Civil Procedure, as mandated by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a).

PLEASE TAKE FURTHER NOTICE that the Court may look beyond the pleadings and decide disputed issues of fact when ruling on Defendants' non-enumerated Rule 12(b) motion.

Defs.' Not. of Mot. & Mot. Dismiss.; Mem. P. & A.                  Roby v. T. Stewart, et al.
                                                  C 08-1113 JF (PR)

1

1  *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). Additionally, Plaintiff may provide
2  evidence to the Court to dispute that which is presented by Defendants. *Id.* & at n.14.
3      This motion is based on this notice of motion, the supporting memorandum of points and
4  authorities, the attached declarations, and the Court's file in this action.

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Plaintiff Kevin Roby (Plaintiff), a prisoner under the custody of the California Department of Corrections and Rehabilitation (CDCR), alleges that Defendants Wheeler, Lucarelli, and Trujillo (Defendants) violated his First and Eighth Amendment rights by double celling him with an inmate of a different faith. (Pl.'s Compl.) However, before filing suit Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act. Thus, this action should be dismissed without prejudice.

### STATEMENT OF THE CASE

Plaintiff filed his Complaint on February 25, 2008. (Ct. Docket #1.) In his complaint, Plaintiff alleges that Defendants were deliberately indifferent to his safety, hindered his ability to practice his religion, unreasonably seized his personal property, and wrongfully detained him in administrative segregation. (*Id.*) On May 7, 2008, the Court issued an Order of Service after finding that Plaintiff stated two cognizable claims against Defendants. (Ct. Docket # 5.) Specifically, this Court found both Plaintiff's First Amendment free exercise claim and Eighth Amendment deliberate indifference claim to be cognizable. (*Id.*) In addition, the Court dismissed Plaintiff's deprivation of personal property and wrongful detention in administrative segregation claims because they failed to state a cognizable basis for relief. (*Id.*)

Defendants now submit this motion to dismiss under the non-enumerated portion of Rule 12(b) for Plaintiff's failure to exhaust administrative remedies before filing suit regarding his remaining First and Eighth Amendment claims. *See* 42 U.S.C. § 1997e(a); *Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th Cir. 2003).

///
///

Defs.' Not. of Mot. & Mot. Dismiss.; Mem. P. & A.                                        *Roby v. T. Stewart, et al.*
                                                                                                          C 08-1113 JF (PR)

# ARGUMENT

## THIS ACTION MUST BE DISMISSED BECAUSE PLAINTIFF FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES AS REQUIRED BY THE PRISON LITIGATION REFORM ACT.

**A.    Dismissal Standard.**

The United States Supreme Court holds that an inmate's failure to exhaust administrative remedies as required by § 1997e(a) of the Prison Litigation Reform Act (PLRA) does not impose a pleading requirement on the plaintiff but rather creates an affirmative defense which the defendants have the burden of raising and proving. *Jones v. Bock,* 127 S. Ct. 910, 921 (2007). The Ninth Circuit holds that this defense may be raised in the form of an non-enumerated 12(b) motion. *Wyatt v. Terhune,* 315 F.3d 1108, 1119 (9th Cir. 2003). In deciding on a motion to dismiss for failure to exhaust, the Court may look beyond the pleadings and decide issues of disputed fact. *Id.* at 1119-20. If the Court determines that a prisoner failed to exhaust his available administrative remedies, "the proper remedy is dismissal of the claim without prejudice." *Id.* at 1120.

**B.    Plaintiff Must Exhaust All Available Administrative Remedies Before Filing Suit.**

In 1995, in an effort to reduce the quantity and improve the quality of prisoner suits, Congress enacted the PLRA. *See Porter v. Nussle,* 534 U.S. 516, 524 (2002). The PLRA includes, among other provisions, a mandatory administrative exhaustion requirement declaring that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . or any other Federal Law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies . . . are exhausted." 42 U.S.C. §1997e(a); *Porter,* 534 U.S. at 524; *see also Vaden v. Summerhill,* 449 F.3d 1047, 1050 (9th Cir. 2006) ("[A prisoner] may initiate litigation in federal court only after the administrative process ends and leaves his grievances unredressed."); *McKinney v. Carey,* 311 F.3d 1198 (9th Cir. 2002) (holding a prisoner does not comply with the §1997e(a) exhaustion requirement by exhausting administrative remedies during the course of litigation).

This exhaustion requirement is mandatory and applies to all suits brought by inmates

Defs.' Not. of Mot. & Mot. Dismiss.; Mem. P. & A.    *Roby v. T. Stewart, et al.*
C 08-1113 JF (PR)

3

regarding prison conditions "[e]ven when the prisoner seeks relief not available in [administrative] grievance proceedings, most notably money damages." *Porter*, 534 U.S. at 524; *see also Booth v. Churner*, 532 U.S. 731, 738 (2001) ("[T]he phrase 'such administrative remedies as are available' naturally requires a prisoner to exhaust the grievance procedures offered, whether or not the possible response covers the specific relief the prisoner demands." (quoting 42 U.S.C. 1997e(a))).

The requirement that a prisoner first exhaust all available remedies through the prison system's administrative grievance procedure serves a number of useful purposes. First, it "attempts to eliminate unwarranted federal-court interference with the administration of prisons . . . [by] 'afford[ing] corrections officials time and opportunity to address the inmate's complaints internally before allowing the initiation of a federal case.'" *Woodford v. Ngo*, 548 U.S. 81, 93 (2006) (alteration added) (quoting *Porter v. Nussle*, 534 U.S. 516, 525 (2002)). Secondly, it may result in corrective action being taken that might improve prison administration and satisfy the inmate or at the very least provide a forum for the inmate to air his grievances, thereby obviating the need for litigation. *Porter*, 534 U.S. at 524; *Booth*, 532 U.S. at 737 (noting that requiring exhaustion satisfies at least some inmates because the "very fact of being heard can . . . mollify passions . . . .") Finally, for suits that do end up in federal court, exhaustion tends to improve the quality of suits because it results in the creation of an administrative record that is helpful to the court in determining the contours of the controversy. *Woodford*, 548 U.S. at 94; *see also Porter*, 534 U.S. at 525.

The State of California allows its inmates to appeal "any departmental decision, action, condition or policy which they can demonstrate as having an adverse affect upon their welfare." *See* Cal. Code Regs. tit. 15, § 3084.1(a). In order to exhaust available administrative remedies within this system, a prisoner must complete four levels of appeals: (1) informal level, (2) first formal level, (3) second formal level appeal to the institution head or designee, and (4) third level appeal to the Director's Level. Cal. Code Regs. tit. 15, § 3084.5. A Director's Level appeal decision constitutes exhaustion of the inmates available administrative remedies. *See* Cal. Code Regs. tit. 15, § 3084.1(a).

**C. Plaintiff Failed to Exhaust His Administrative Remedies Before Filing Suit.**

In his Complaint, Plaintiff alleges that on August 25, 2005, Defendants at Pelican Bay State Prison double-celled him, a Satanist, with inmate Avery, an Evangelical Christian. (Pl.'s Compl. 5.) Plaintiff further alleges that by double-celling him with an inmate of a different faith, Defendants violated his First Amendment right to freely exercise his religion, and violated his Eighth Amendment right to be free from cruel and unusual punishment by acting with deliberate indifference to his safety. (*Id.* at 7.)

As stated above, under California Code of Regulations title 15, section 3084.1(a), "any inmate . . . may appeal any decision, action, condition or policy which they can demonstrate as having an adverse affect upon their welfare." Because Plaintiff alleges that he was housed with inmate Avery on August 25, 2005, it was at this point that the alleged violations accrued. (*Id.* at 5.) Accordingly, on this date it was incumbent on Plaintiff to submit an administrative grievance regarding the alleged incident. *See* Cal. Code Regs. tit. 15, § 3084.1(a).

However, between August 25, 2005, the date of the alleged injury, and February 25, 2008, the date Plaintiff filed his Complaint in this suit, Plaintiff failed to exhaust any inmate appeals grieving the issue of how his double-cell status interfered with his right to freely exercise his religion and/or threatened his safety. (Decl. T. Emigh Supp. Defs.' Mot. Dismiss ¶¶ 6-7.) The only inmate appeal which has been exhausted since August 25, 2005, was institutional log no. PBSP-07-1290, which concerned allegations that staff at Pelican Bay were denying Plaintiff sufficient access to the Security Housing Unit's law library, and thus obstructing his access to the courts. (*Id.* ¶ 6, Exs. A & B.) Furthermore, although Plaintiff has submitted eleven appeals at Pelican Bay between August 25, 2005 and February 25, 2008, none of these appeals are related to the allegations raised in Plaintiff's Complaint. (Decl. C. Wilber Supp. Defs.' Mot. Dismiss ¶¶ 6-7, Ex. A.)

By failing to grieve the claims raised in his Complaint through the inmate appeals system, Plaintiff failed to afford corrections officials the time and opportunity to address Plaintiff's grievances before he initiated this lawsuit. *See Porter*, 534 U.S. at 525. Corrective action taken in response to this grievance, such as removing inmate Avery from Plaintiff's cell or placing

Defs.' Not. of Mot. & Mot. Dismiss.; Mem. P. & A.

*Roby v. T. Stewart, et al.*
C 08-1113 JF (PR)

5

Plaintiff on single-cell status, may have satisfied Plaintiff, thereby obviating the need to adjudicate these claims. *Id.* Because Plaintiff failed to exhaust his administrative remedies against Defendants, this action must be dismissed without prejudice. *Wyatt*, 315 F.3d at 1120.

## CONCLUSION

Plaintiff failed to exhaust his administrative remedies against Defendants. Plaintiff's failure to timely exhaust these claims before bringing suit requires the Court to dismiss this action without prejudice. *Wyatt*, 315 F.3d at 1120. Accordingly, Defendants respectfully request that their Motion to Dismiss be granted.

Dated: July 31, 2008

Respectfully submitted,

EDMUND G. BROWN JR.[1]
Attorney General of the State of California

DAVID S. CHANEY
Chief Assistant Attorney General

ROCHELLE C. EAST
Acting Senior Assistant Attorney General

JONATHAN L. WOLFF
Supervising Deputy Attorney General

SCOTT J. FEUDALE
Deputy Attorney General
Attorneys for Defendants Wheeler, Lucarelli, and Trujillo

20129185.wpd

---

1. The Attorney General wishes to acknowledge the substantial contribution of Summer Honors intern Kerry Galusha in drafting this motion.

Defs.' Not. of Mot. & Mot. Dismiss.; Mem. P. & A.                               *Roby v. T. Stewart, et al.*
                                                                                  C 08-1113 JF (PR)

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **Roby v. Stewart, et al.**

No.:   **C 08-1113 JF (PR)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On July 31, 2008, I served the attached

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES**

**DECLARATION OF T. EMIGH IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS w/Exhibits A & B**

**DECLARATION OF C. WILBER IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS w/Exhibit A**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

Kevin Roby (D-93298)
Pelican Bay State Prison
P.O. Box 7500
Crescent City, CA 95532-7500
In pro per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on July 31, 2008, at San Francisco, California.

|              M. Luna               |        *M. Luna* (signature)        |
| :--------------------------------: | :---------------------------------: |
|             Declarant              |              Signature              |