EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Chief Assistant Attorney General
ROCHELLE C. EAST
Acting Senior Assistant Attorney General
JONATHAN L. WOLFF
Supervising Deputy Attorney General
SCOTT J. FEUDALE, State Bar No. 242671
Deputy Attorney General
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA 94102-7004
  Telephone: (415) 703-5871
  Fax: (415) 703-5843
  Email: Scott.Feudale@doj.ca.gov

Attorneys for Defendants Wheeler, Lucarelli, and Trujillo

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KEVIN ROBY,<br><br>                    Plaintiff,<br><br>v.<br><br>T. STEWART, et al.,<br><br>                    Defendants. | CASE NO. C 08-1113 JF (PR)<br><br>**DECLARATION OF T. EMIGH IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS** |

I, T. EMIGH, declare as follows:

1. I am employed by the California Department of Corrections and Rehabilitation (CDCR) as the Assistant Chief of the Inmate Appeals Branch. I am currently serving as the Acting Chief of the Inmate Appeals Branch. I have been working at the Inmate Appeals Branch for four years and have been employed with CDCR for twenty-one years. As the Acting Chief of the Inmate Appeals Branch my responsibilities include overseeing staff who receive, screen, log, route, and assign director level appeals that are submitted by inmates. My duties also include monitoring the dispositions of these inmate appeals. I am competent to testify to the matters set

1 forth in this declaration, and if called upon to do so, would and could so testify. I submit this
2 declaration in support of Defendants' motion to dismiss.

3     2.    I am familiar with sections of Title 15 of the California Code of Regulations that
4 govern an inmate appeal. Section 3084.5 describes the levels of appeal that are available to an
5 inmate. Section 3084.5(e)(2) provides that "[t]hird level review constitutes the director's
6 decision on an appeal, and shall be conducted by a designated representative of the Director
7 under supervision of the chief, inmate appeals."

8     3.    Usually, the director's decision exhausts the administrative remedy available to an
9 inmate within the CDCR. The director's decision usually advises an inmate that the decision
10 constitutes the exhaustion of administrative remedies available to the inmate within the CDCR.

11     4.    The Inmate Appeals Branch keeps an electronic record of each inmate appeal that has
12 proceeded through the final level of review, the Director's Level. When an appeal is received by
13 the Inmate Appeals Branch and is accepted for review, it is given a Director's Level log number
14 and entered into the computer system. The computer system was commenced in 1993. The
15 following information is kept in the electronic record: appeal log number, the category
16 (nature/subject) of the appeal, institutional log numbers, inmate's name and CDCR number, the
17 institution where the appeal arose, the date that the appeal is received and closed, and final
18 disposition of the appeal.

19     5.    A search of the computerized system has been conducted under the inmate name Kevin
20 Roby, CDCR No. D-93298, at the request of the Attorney General's Office. A true and correct
21 copy of the Director's Level appeals print-out for Kevin Roby is attached as Exhibit A. As stated
22 above, this computer printout is an electronic record of all inmate appeals submitted by inmate
23 Roby since 1993 which completed all levels of review, culminating in a final review by the
24 Director's level. The computer print out also demonstrated which of inmate Roby's inmate
25 appeals were screened out at the Director's level.

26     6.    After speaking with the Attorney General's Office, I understand that Plaintiff's
27 complaint alleges that Defendants violated his right to personal safety and hindered his ability to
28 practice his religion by placing him in a cell with an inmate of a different faith. As Exhibit A

demonstrates, only one inmate appeal, institutional log no. PBSP-07-1290, was exhausted between August 25, 2005, the date of the incident giving rise to the allegations raised in Plaintiff's complaint, and February 25, 2008, the date Plaintiff filed his complaint in this action. Institutional log no. PBSP-07-1290, entitled "Legal," concerned allegations that staff at Pelican Bay State Prison were denying Plaintiff sufficient access to the Security Housing Unit law library, and thus obstructing his access to the courts. A true and correct copy of institutional log no. PBSP-07-1290, including the Director's Level Decision, is attached as Exhibit B.

7. Inmate Roby has exhausted no inmate appeal between August 25, 2005 and February 25, 2008, grieving his housing status or, specifically, how his double-cell status interfered with his right to practice his religion and threatened his safety.

I declare under penalty of perjury that the forgoing is true and correct. Executed at Sacramento, California, on July 24, 2008.

_____
T. EMIGH
Acting Chief, Inmate Appeals Branch

Emigh Decl for Roby.wpd

# EXHIBIT A

Inmate Appeals Branch                                                                                                06/22/2008

CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION

Inmate / Parolee Appeals Tracking System - Level III

Appellant Appeal History

CDCR Number: D93298

Sorted By: CDCR Number

| CDCR Number | Appellant Name | Location | Arrival Date | Alerts (Type, Start, End) | Special Needs | | |
|---|---|---|---|---|---|---|---|
| D93298 | ROBY, KEVIN | PBSP | 07/31/2001 | | | | |

**Accepted Appeals**

| IAB Number | Issue | Issue Subcategory | Accepted Date | Inst. Log Number | Due Date | Closed Date | Disposition |
|---|---|---|---|---|---|---|---|
| 0707661 | LEGAL | Access to Court | 09/06/2007 | PBSP-07-01290 | 12/04/2007 | 12/09/2007 | DENIED |
| 0730508 | MAIL | | 04/30/2008 | PBSP-08-00818 | 07/25/2008 | | PENDING |

**Screen Outs**

| IAB Number | Issue | Issue Subcategory | Received Date | Inst. Log Number | Screened Out | Response Due | Reason |
|---|---|---|---|---|---|---|---|
| 0712444 | TRANSFER | | 11/02/2007 | PBSP-07-01135 | 12/05/2007 | | ONLY ORIGINAL APPEAL ACCEPTED AT DL REVIEW |
| 5032265 | DISCIPLINARY | Prior to subcategory | 04/12/2007 | PBSP-06-02759 | 04/12/2007 | | MISSING DOCUMENTATION |
| 5032265 | DISCIPLINARY | Prior to subcategory | 04/05/2007 | PBSP-06-02759 | 04/05/2007 | | APPEAL NOT BEEN ACCEPTED AT DIRECTOR'S LEVEL |
| 5032265 | DISCIPLINARY | Prior to subcategory | 01/05/2007 | PBSP-06-02759 | 01/05/2007 | | MISSING DOCUMENTATION |

# EXHIBIT B

*CDCR STAFF DENYING ACCESS TO LAW LIBRARY*

**INMATE/PAROLEE APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region: PBSP   Log No. 1. B-07-1290   Category: 11 / 1 LIB-01
2. _____   2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

NAME: Robey    NUMBER: D-93298    ASSIGNMENT: _____    UNIT/ROOM NUMBER: B2-104

A. Describe Problem: On 4-19-07, I put in a request to visit and use the Security Housing Unit (SHU) law library. I was scheduled to use the law library from the date of the request 4-19-07 until 5-3-07. After visiting the law library on 5-3-07, I submitted another request to visit and use the SHU law library. I was denied access to the law library from the date of the request 5-3-07 until 5-17-07. I submitted another request 5-17-07 to visit and use the SHU law library. It is now 5-31-07 and I still have not been allowed to use the SHU law library. This is an on going problem at PBSP. I am continually denied access to the SHU law library at least every other week. (additional sheet)

If you need more space, attach one additional sheet.

B. Action Requested: As it has become apparent that PBSP prison officials plan to continually deny me access to use the SHU law library at least every other week. I move for PBSP to supply me with legal assistance pursuant to Toussaint v. McCarthy, 926 F.2d 800, 811; to assist me in the above mentioned legal issues.

Inmate/Parolee Signature: _____    Date Submitted: 5-31-07

C. INFORMAL LEVEL (Date Received: 6-4-07)

Staff Response: Denied. Review of our files shows that you have been scheduled for library access on 4-19-07, 4-26-07, 5-3-07, 5-10-07, 5-17-07 & 6-4-07. The actual physical access is arranged by custody.

Staff Signature: _____    Date Returned to Inmate: 6-5-07

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

Custody has taken upon themselves to deny me access to the law library at least every other week, even though the SHU had us scheduled to use the library. Which further shows the animosity PBSP prison officials have towards us; they have put my life in danger, deprived me of my property, and are wrongfully holding me in ASU, and now they are denying me access to the courts by refusing me access to the law library. I need help

Signature: _____    Date Submitted: _____
Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim
CDC Appeal Number: _____

JUN 07 2007    JUL 11 2007
1ST AWHCO    2ND APPEALS



First Level ☒ ~~Granted~~ ☒ P. Granted ☐ Denied ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days) Date assigned: __6-7-07__ Due Date: __7-20-07__

Interviewed by: __Sgt. S. Cupp, Cg__ (see Attached)

Staff Signature: _____ Title: __SGT__ Date Completed: _____
Division Head Approved:
Signature: _____ Title: __AW__ Returned Date to Inmate: __7-5-07__

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

The issue at hand is custody denying me access to the Law Library. The law library has had me scheduled to use the library once a week every week since 4-19-07 to present date, yet custody denied me access by not taking me on 4-28, 5-10, 5-24, 5-31, 6-7, 6-18, 6-25 and 7-9, violating my rights of Access to The Courts

Signature: _____ Date Submitted: __7-10-07__

Second Level ☐ Granted ☒ P. Granted ☐ Denied ☐ Other _____
G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: __7-11-07__ Due Date: __8-8-07__
☒ See Attached Letter

Signature: __W. Thissen CCII__ Date Completed: __8-3-07__
Warden/Superintendent Signature: _____ Date Returned to Inmate: __8/23/07__

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

I am asking for a Director's Level Review because PBSP's position is not to afford inmates in Ad-Seg and PSU adequate access to the SHU law library. Stating in effect, that the provisional clause "program permitting" in their Operation Procedure (OP) No. 822, gives custody the right to deny inmates access to law library at their whim. Penal Code § 2600 states their must be a legitimate penological interest to deprive inmates of their constitutional rights, not arbitrary and capricious ones. I hope someone at this level will fix this problem, if not, it will have to be resolved in a court of law. Thank you

Signature: _____ Date Submitted: __8-30-07__

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION: ☐ Granted ☐ P. Granted ☐ Denied ☐ Other _____
☐ See Attached Letter
                                                                Date: _____

CDC 602 (12/87)

ROBY    D-93298    2-104    CONTINUATION — § A [legal assistance]

CONTINUED:

this pervasive practice at PBSP of systemically denying me access to the SHU law library, has had detrimental consequences to my liberty interest to be free from Ad-Seg. I am being held indefinitely in Ad-Seg pending a decision from the Del Norte District Attorney to prosecute or not. It has been nearly 2 years with the DA unable to make a decision, and he's made it clear he may never make a decision on this issue. And with the DA not filing an information, I am being denied court appointed legal assistance. Thereby, my only means of finding legal recourse to be set free from these oppressive conditions, and be transferred to another prison where I could benefit from the privileges, liberties, and Enhanced Out-Patient programs, is to seek them in the SHU law library.

And by PBSP prison officials denying me access to visit and use the SHU law library, as provided by the injunctive relief granted to Segregated inmates in Toussaint v. McCarthy, 926 F.2d at 811; they have greatly hampered my ability to assert my state and Federal rights to a speedy trial, and to be free from the oppressive pretrial detainment PBSP plan to indefinitely hold me in.

I declare under penalty of perjury that the foregoing is true and correct and was executed on 5-31-2007.

KEVIN ROBY

FIRST LEVEL APPEAL RESPONSE

DATE: June 22, 2007

APPEAL LOG NUMBER: PBSP-B-07-01290

INMATE: ROBY
CDC NUMBER: D-93298

APPEAL DECISION: PARTIALLY GRANTED

APPEAL ISSUE: (Modified)

Inmate ROBY requests that he be given access to attend the Law Library once a week.

FINDINGS: On June 20, 2007, Correctional Sergeant S. Cupp interviewed ROBY concerning the contents of this appeal.

During the course of the interview, inmate ROBY related essentially the same information as provided in his written appeal.

Upon research of the attendees of the Law Library it was determined that ROBY attended on 4-19-07, 5-7-07, 5-21-07, and 6-11-07. The Memorandum dated March 30, 2007 authored by Lieutenant M. Ferguson states, "PSU – Scheduled for the 1st and 3rd Thursday of each month." The dates listed prior indicate that you were not denied total access to the Law Library. This memorandum was generated as a minimum standard of attending the Law Library.

On June 20, 2007 Ms. Quinn, Principal of the Education Department at Pelican Bay State Prison, said that just recently Law Library access for inmates in the Psychiatric Services Unit has been changed to allow access weekly. Ms. Quinn is currently working on a memorandum at this time.

Operational Procedure (OP) 822 (VI) F states, "...Inmates with GLU status will receive a minimum of two (2) consecutive hours of physical access to the Law Library or cell study every seven (7) days."

DETERMINATION OF ISSUE: A thorough review of ROBY's complaint was investigated. Based on the facts from this investigation, it was determined that you will be provided Law Library access consistent with the provisions of the above stated OP 822. Therefore, this appeal is PARTIALLY GRANTED.

(4)

D. BRADBURY                    6/26/07
Facility Captain                Date
Psychiatric Services Unit

M. SMELOSKY                    6/26/07
Associate Warden                Date
Health Care Operations

| PELICAN BAY STATE PRISON |
|---|
| SECOND LEVEL REVIEW |

DATE: AUG 1 3 2007

Inmate ROBY, D93298
Pelican Bay State Prison
Facility B, Psychiatric Services Unit
Building 2, Cell 104

RE: WARDEN'S LEVEL DECISION          APPEAL: PARTIALLY GRANTED
    APPEAL LOG NO. PBSP-B-07-01290    ISSUE: LEGAL

This matter was reviewed by ROBERT A. HOREL, Warden, at Pelican Bay State Prison (PBSP). On June 20, 2007, Correctional Sergeant S. Cupp conducted the interview at the First Level of Review.

### ISSUES

Inmate Roby requests that he be given access to attend the Law Library once a week.

### FINDINGS

I

The inmate alleges in his appeal that he is continually being denied access to the Law Library at least every other week.

II

The inmate was dissatisfied with the First Level Response, stating that the Law Library had him scheduled to attend once a week every week since April 19, 2007. However, custody denied him access on several days and violated his rights of access to court.

### DETERMINATION OF ISSUE

The Operational Procedure (OP) No. 822, Library and Law Library Services, VI. Law Library, F. Law Library Access, states in part, *"When the Law Library staff receives an access request form, they will date it and the inmate will be scheduled to attend the law library as program permits. A schedule for physical access of General Library Users (GLU) is maintained by Law Library staff based upon the order in which requests are received, program directions, and availability of space. Inmates with GLU status will receive a minimum of two consecutive hours of physical access to the law library or cell study access every seven days, program permitting."* G. Priority Access to Law Library, states in part, *"1. Priority Library User (PLU) status is given to inmates who have established deadlines within thirty days or less of a verifiable court deadline. PLU status grants eligible inmates physical access to the law library for a minimum of two consecutive hours every seven days unless valid security concerns are approved by the Facility Captain."* VII. Special

Supplement Page 2
ROBY, D93298
Appeal # PBSP-B-07-01290

Housing Units, D. Psychiatric Services Unit (PSU), states in part, "*The PSU inmates with PLU status will be ducated for the Security Housing Unit (SHU) Law Library access. The SHU Library access policy applies unless valid security concerns are approved by both the PSU and SHU Facility Captains.*"

A thorough investigation was conducted at the First Level of Review. The memorandum entitled, *Law Library Access*, dated March 30, 2007, authored by Lieutenant M. Ferguson states, "PSU-Scheduled for the 1st and 3rd Thursday of each month." This memorandum was generated as a minimum standard of attending the Law Library and to allow all inmates access to the Premise Computer system. An investigation found that the inmate attended the Law Library on April 19, 2007, May 7, 2007, May 21, 2007, and June 11, 2007. On June 20, 2007, P. Quinn, Principal of PBSP Education Department, was interviewed at the First Level of Review and stated that just recently the Law Library access for inmates in the PSU has been changed to allow for weekly access. Principal Quinn was working on a memorandum at that time.

On August 3, 2007, Principal Quinn was contacted at the Second Level of Review. The memorandum referred to at the First Level of Review has yet to be completed, but is forthcoming. On August 3, 2007, Library Technical Assistant J. Evert was interviewed at the Second Level of Review. Inmate Roby is a GLU and his access to the library is based upon the order in which the requests are received, program directions, and availability of space. Per procedures, the inmate has been scheduled, program permitting, for physical access to the Law Library as a GLU. The Law Library records reflect the dates that the inmate is scheduled for the Law Library and not necessarily when he attended. The Law Library records reflect that the inmate was scheduled for library on April 19, 2007, April 26, 2007, May 3, 2007, May 17, 2007, June 4, 2007, June 11, 2007, June 18, 2007, July 2, 2007, July 16, 2007, and July 30, 2007.

The inmate will be provided Law Library access consistent with the provisions of the OP No. 822. Therefore, this appeal is PARTIALLY GRANTED.

MODIFICATION ORDER

No modification of this decision or action taken is required.

ROBERT A. HOREL
Warden

NAT #26    Date 08/03/07

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

## DIRECTOR'S LEVEL APPEAL DECISION

Date: DEC 0 9 2007

In re: Kevin Roby, D93298
Pelican Bay State Prison
P.O. Box 7000
Crescent City, CA 95531-7000

IAB Case No.: 0707661          Local Log No.: PBSP-07-01290

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner K. J. Allen. All submitted documentation and supporting arguments of the parties have been considered.

I  APPELLANT'S ARGUMENT: It is the appellant's position that staff at Pelican Bay State Prison (PBSP) have not allowed him with sufficient access to the law library, and therefore, have obstructed his access to the courts. The appellant states that he is continually being denied access to the Security Housing Unit law library. He requests on appeal that he be allowed to access the law library at least every other week.

II  SECOND LEVEL'S DECISION: The reviewer found that the appellant has been provided adequate law library access in accordance with State law and departmental guidelines. The reviewer determined that the appellant did receive access to the law library consistent with departmental regulations. The appellant failed to submit any evidence that his access to the courts was obstructed. The appeal was granted in part at the Second Level of Review (SLR).

III  DIRECTOR'S LEVEL DECISION: Appeal is denied.

   A.  FINDINGS: Pursuant to California Code of Regulations, Title 15, Section (CCR) 3120, each warden shall ensure a law library and related services are maintained for the benefit of inmates in their facility. A library access schedule shall be approved by the warden and posted throughout the facility. There is no statute or regulation that requires the institution to provide the appellant more access time than that which is dictated by his law library status. The SLR contained specific evidence, including dates the appellant attended the law library, which directly refutes the appellant's claim that he has not had access to the law library. The inquiry into the appeal found that the appellant was scheduled to attend the law library on April 19, April 26, May 3, May 17, June 4, June 11, June 18, July 2, July 16 and July 30, 2007.

   The appellant has failed to provide any compelling information or evidence that would warrant a modification to the decision reached by the institution. Relief at the Director's Level of Review is unwarranted.

   B.  BASIS FOR THE DECISION:
   CCR: 3001, 3120, 3122, 3380
   CDC Operations Manual Section: 53060.10

   C.  ORDER: No changes or modifications are required by the institution.

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:  Warden, PBSP
     Appeals Coordinator, PBSP

2007-Jun-20 09:02   From-PELICAN BAY STATE PRISON PROCUREMENT   7074659151   T-433  P.001/001  F-431

State of California

# Memorandum

Date : March 30, 2007

To : All Concerned Housing Units

From : Department of Corrections and Rehabilitations
Pelican Bay State Prison, P.O. Box 7000, Crescent City, CA 95532-7000

Subject : LAW LIBRARY ACCESS

Effective Monday April 02, 2006, the following schedule changes will go into effect:

PSU – Scheduled for the 1st and 3rd THURSDAY of each month.

ASU – Scheduled for the 2nd and 4th THURSDAY of each month.

If a month has five Thursdays the fifth Thursday will be utilized as a make up day for the Security Housing unit. These changes are being implemented to allow all inmates access to the Premise computer system.

If you have any questions or require additional information regarding this matter you may contact Sgt. D. Gallian at extension 5486.

M. FERGUSON
Correctional Lieutenant
D.S.H.U.

To: Sgt. Cupp
FAX 9/50
[signature] 6-20-07
8:55

State of California                                        Department of Corrections and Rehabilitation
                                                                                    CDC Form 695

# INMATE/PAROLEE APPEALS SCREENING FORM

NAME: Rigby          CDC #: D13078          HOUSING: D12-207

## YOUR APPEAL IS BEING RETURNED FOR THE FOLLOWING REASON(S):

[X] 4. In violation of the CCR, Title 15, Sections 3084.2(a), 3084.3(c)(4) & 3084.5(a)(1), you failed and must attach evidence that shows you attempted to get an Informal resolution, prior to the appeal being assigned to the Formal Level(s) of appeal review. If a staff member fails to respond after 10 working days, use the Chain of Command and submit the Appeal to that staff member's supervisor, or unit/area supervisors.

    [ ] Counselor           [ ] PBSP R&R          [ ] Med Clinic        [ ] Records
    [ ] Unit Officer        [ ] PSU Property      [ ] Dental Clinic     [ ] Inmate Assignments
    [ ] Mail Room           [ ] PBSP SHU Prop.    [ ] Psych Office      [ ] PBSP Trust Office
    [X] Law Library         [ ] Food Services     [ ] Med Records       [ ] Plant Ops
    [ ] Work Supervisor                           [ ] Other

[ ] 5. You have not adequately completed the CDC Form 602, or have not attached the proper documents. Follow instructions and attach the items noted below, send what documents you have, or explain why they are not available per the CCR, Title 15, Section 3084.3(c)(5):

    [ ] Supporting Documents & Receipts          [ ] CDC 1845 Disability Verification
    [ ] GA 22 Request For Interview              [ ] CDC 1824 Reasonable/Accommodation
    [ ] CDC 115 Results With final dispo         [ ] CDC 7362 Health Care Required Co-Pay
    [ ] CDC 115 IE/DA information/Report         [ ] CDC 128-C Medical Chrono
    [ ] CDC 115 Supplemental Reports             [ ] Cell Search Slip
    [ ] CDC 114-D Lockup Order                   [ ] Property Inventory Receipt
    [ ] CDC 1030 Confidential Disclosure         [ ] CDC 143 Property Transfer Receipt
    [ ] Lab Results Sheet                        [ ] Package Inventory Slip
    [ ] CDC 7219 Medical Report                  [ ] Proof of Ownership/Value
    [ ] CDC 128-A _____                       [ ] More Specific Information
    [ ] CDC 128-B _____                       [ ] Trust Statement
    [ ] CDC 128-G _____                       [ ] CDC 193 Trust Acct Withdrawal Order
    [ ] CDC 629A/629B Assess SHU Term            [ ] Legal Status Summary
    [ ] CDC 812/A/B Critical/Enemy               [ ] Abstract of Judgment (AOJ)
    [ ] CDC 839/840 Class/Reclass Score          [ ] CDC 1858/PC 148.6/CCR 3391(d)(1) info.Advs
    [ ] CDC 958 Restoration Request              [ ] Emerg. Unwarranted CCR 3084-7(a)(2)(A)
    [ ] CDC 1819 Correspondence Denial           [ ] Failed to Complete Section _____
    [ ] Other _____                           [ ] Sig/Date Section _____
                                                 [ ] CDC Form 602

[ ] 7. The issue has been resolved, PBSP Appeal Log No. _____. A copy of the Second (Warden's) Level of Appeal review is attached per the CCR, Title 15, Section 3084.2(g)(1)(2)(3).

[ ] 8. Abuse of the appeal procedure: _____

Comments: _____
_____
_____
_____

C. Wilber                                    MAY 3 0 2007
_____                                _____
C.E. WILBER                                  Date
Appeals Coordinator

This screening action may not be appealed unless the above reasons are inaccurate and the inmate can provide supporting documents against the screening decision.
**PERMANENT APPEAL ATTACHMENT  -  DO NOT REMOVE**

MAY 3 0 2007