KEVIN ROBY, CDCR# D-93298
P.O. Box 7500 (A5-218)
Crescent City, CA 95532
Plaintiff, pro se.

FILED
2008 SEP -2 P 3: 24
RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN ROBY,<br><br>    Plaintiff,<br><br>vs.<br><br>T. STEWART, et al.,<br><br>    Defendants. | CASE NO. C 08-1113 JF (PR)<br><br>PLAINTIFF'S REPLY; OPPOSITION TO DEFENDANTS' MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES |

INTRODUCTION

Pro Se Plaintiff Kevin Roby (plaintiff), a state prisoner at California State Prison Pelican Bay (PBSP), brought this action pursuant to the provisions of 42 U.S.C. §1983, alleging that defendants Wheeler, Lucarelli, and Trujillo violated his First and Eighth Amendment rights when they sought to put him in harms way because of his religious beliefs (Satanism) by forcing him to cell with an intolerant, fanatical Christian inmate, who would not allow plaintiff to pray in the cell, and ultimately attacked plaintiff on September 4, 2005 for practicing his religious beliefs after Prison Officials would not allow him to move out of the cell.

///

///

ARGUMENT

I.

DEFENDANTS' MOTION TO DISMISS THIS ACTION FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES MUST NOT BE GRANTED BECAUSE DEFENDANTS BY THEIR OWN ACTIONS PRECLUDED PLAINTIFF FROM EXHAUSTING ADMINISTRATIVE REMEDIES

A.  EXHAUSTION ADMINISTRATIVE REMEDY INQUIRY.

The Second Circuit has held and maintained in the post-Woodford era (Singh v. Goord, 520 F.SUPP. 2d 487(S.D.N.Y. 2007), that there still exists a three-part inquiry when a defendant contends that a prisoner has failed to exhaust available administrative remedies as required by Prison Litigation Reform Act (PLRA), and court must ask :(1) whether administrative remedies were actually available; (2) whether the defendants forfeited their right to raise the affirmative defense or by their own actions precluded the plaintiff from using administrative grievance procedures; and (3) whether special circumstances have been plausibly alleged that justify the prisoner's failure to comply with administrative procedural requirements. Prison Litigation Reform Act of 1995, § 101(a), 42 U.S.C.A. § 1997e(a).

B.  ACTIONS THAT MAY ESTOP STATE FROM ASSERTING NON-EXHAUSTION DEFENSE.

Under the Prison Litigation Reform Act (PLRA), failure to exhaust administrative remedies is an affirmative defense, and defendants' actions may estop the state from asserting the exhaustion defense; further, special circumstances may excuse a prisoner's failure to exhaust (Giano v. Goord 380 F,3d 670(C.A.2(N.Y.) 2004) (holding that, in certain situations, administrative remedies may not be "available", 42U.S.C.A. § 1997e(a), to prisoners seeking redress of their grievances. Such circumstances include, but are not limited to, instances where the prisoner obtains a favorable disposition of his grievance, only to find, after the time for filing an administrative appeal has expired, that the relief he had won was not forthcoming.

///

Plaintiff's OPP. to Defs.' Mot. to Dismiss; Mem. P& A.

2.

Roby v. Stewart, et al.
Case No. C 08-1113 JF (PR)

1   A prisoner who has not received promised relief (Abney v. Mc Ginnis 380 F.3d 663(C.A.2(N.Y.) 2004)) is not required under the Prison Litigation Reform Act to file a new grievance where doing so may result in a never ending cycle of exhaustion. Defendants may also be estopped from raising non-exhaustion as an affirmative defense when prison officials inhibit an inmate's ability to utilize grievance procedures. Aquilar-Avellaveda v. Terrell, 478 F.3d 1223, 1225 (10th Cir. 2007), Ziemba v. Weznez, 366 F.3d 161, 163-64 (2d Cir. 2004). Additionall, exhaustion may be achieved in situations where prison officials fail to timely advance or respond to the inmate's grievance or otherwise prevent him from seeking his administrative remedies. Whitington v. Ortiz 472 F.3d 804 (C.A.10(Colo.)2007), Fazzini v. Northeast Ohio Corrections 473 F.3d 229 (C.A.6(Ohio) 2006) at 234.

C.  **DEFENDANTS' ACTIONS ESTOP STATE FROM ASSERTING NON-EXHAUSTION DEFENSE.**

On November 20, 2002, Plaintiff filed an Inmate Appeal (602) Log No. PBSP-B-02-03309, alleging that Defendants terminated his Single Cell Status in an unrelenting effort to prevent him from practicing his religion (Satanism) and putting his life in danger by keep trying to house him with Christian inmates. (Aff. K. Roby Supp. Plaintiff's Opp. to Defs.' Mot to Dismiss ¶1, EX. A-1)

On February 5, 2003, this appeal was Partially Granted, and a Modification Order Log No. 03-16 was issued to have Plaintiff taken before UCC to determine his appropriate cell designation to include consideration of the information contained on the CDC 128-C of May 15, 2002. (Id. ¶3, EX. A-2) At that UCC hearing Defendant Wheeler promised the Plaintiff that his 128-C of May 15, 2002 (which states Plaintiff should be Single Cell or housed only with another known "Satanist") would be honored, and Plaintiff would only be housed with another Satanist. (Id. ¶4, Ex. A-4 & A-5)

But Defendants on the 128-G of that UCC made it appear that Plaintiff never wanted to be Single Cell and wants to cell with anyone. Then they concealed their perfidious actions by not allowing the Plaintiff to see the 128-G of that UCC.

Plaintiff's Opp. to Defs.' Mot. to Dismiss; Mem. P & A.

3.

Roby v. Stewart, et al.
Case No. C 08-1113 JF (PR)

1  California Department of Corrections' inmates are not allow to appeal because
2  information (Records, Reports, etc.) are not given them ( see CDC form 695 (8)(f).
3  All Plaintiff could do is send in Inmate Request for Interview (GA-22) requesting
4  for the 128-G, but Defendant Trujillo never responded.
5      As stated above, the court held in Abney v. McGinnis, 380 F.3d 663, that a
6  prisoner who has not received promised relief is not required under PLRA to file a
7  new grievance. In this case because of Defendants' perfidious actions in concealing
8  their breach of promise to only house Plaintiff with another Satanist. Plaintiff
9  did not become aware of Defendants treachery until August 6, 2005, at a Disciplinary
10 Hearing for refusing to cell with inmate Martin (E-36171) who stated he was a
11 Christian and would have a problem celling with me. (Id. ¶ 5, Ex. B-1)
12     Plaintiff believing that the 128-G of the UCC of February 20, 2003, would
13 show that he was only to be housed with another Satanist, stated this to the
14 Hearing Officer; who then order my central file brought in, and that is when
15 Plaintiff for the first time was able to read what was on the 128-G. Plaintiff
16 immediately filed a 602 on August 7, 2005, in outrage and dismay at Defendants'
17 malicious actions to fraudulently write-up the 128-G of February 20, 2003, and asked
18 that the agreement made by that committee be put on the 128-G before he was put into
19 a life threatening housing situation. That appeal was unreasonably held by the
20 Appeals Coordinator from August 8, 2005 until August 24, 2005 (The night Plaintiff
21 was forced to take inmate Avery (a fanatical Christian) as a cell mate), stating
22 the appeal first needed to be sent to CC I Trujillo. (Id. ¶6, Ex A-5)
23     This in itself, as stated above in Whitington v. Ortiz 472 F.3d 804(C.A.10
24 (2007)), Fazzini v. Northeast Ohio Corr., 473 F. 3d 229 (C.A.6(2006)) at 234, where
25 the court held that Plaintiffs exhausted administrative remedies where plaintiffs
26 submitted written grievances, pursuant to the prison's administrative review
27 process, and the prison officials had failed to timely respond or advance grievance.
28 ///

Plaintiff's Opp. to Defs' Mot. to Dismiss; Mem. P. & A.
4.

Roby v. Stewart, et al.
Case No. C 08-1113 JF (PR)

Plaintiff foreward the appeal to Defendant Trujillo on August 24, 2005. Again the appeal was unreasonably held, and when it was returned to Plaintiff on September 20, 2005; some 2 week after plaintiff was attacked by inmate Avery; some 43 days after the plaintiff submitted his appeal, it stated plaintiff's concerns would be addressed at his annual if necessary. The response is dated as being September 2, 2005, but the plaintiff did not receive the appeal until September 20, 2005. (Id. ¶¶6-7, Ex A-5)

As proof that plaintiff could not have received the appeal before September 2, 2005, as Defendants claim, the plaintiff presents the obvious facts;(1) plaintiff was placed in ASU on September 6, 2005; (2) all of plaintiff's property was seized on that date and not returned until June 25, 2008; so how is it that plaintiff had the appeal in his possession to include as an exhibit in his Habeas Corpus of December 2, 2007, in the First District Court of Appeal Case No. A119983. There is no way the plaintiff could be in possession of the appeal unless he received it after September 6, 2005, and plaintiff swears it was not until September 20, 2005, that he received the appeal.

Defendants had every opportunity to address the claims the plaintiff has raised in his Complaint, but Defendants let their hatered for Plaintiff's religious beliefs blind them of their sensibility and responsibility. And by their own actions are they estopped from asserting the affirmative defense of Non-Exhaustion.

## CONCLUSION

Because of Defendants' own actions Plaintiff was precluded from Exhausting Administrative Remedies. Plaintiff through supporting documents and sworn Affidavit met burden of presenting information supporting his claim that he attempted to exhaust his prison grievance remedies. Steele v. Fed. Bureau of Prisons 355 F.3d 1204, at 1209-10. Accordingly, Plaintiff respectfully request that Defendants' Motion to Dismiss Plaintiff's Complaint be Denied.

Plaintiff also ask that Discovery be re-opened that plaintiff can begin preparing his case for trial.

Dated: August 27, 2008

                          Respectfull submitted,

                          _____
                          KEVIN ROBY
                          Pro se Plaintiff

Plaintiff's Opp. to Defs' Mot. to Dismiss; Mem. P. & A.

6.

Roby v. Stewart, et al.
Case No. C 08-1113 JF (PR)

Kevin Rody, D-93298
P.O. Box 7500 (A5-218)
Crescent City, CA
95532

United States District Co
Northern District of California
280 South First Street, Ro
San Jose, California 95113 -

G.P. UNIT A-5