NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KEVIN ROBY, | ) | No. C 08-01113 JF (PR) |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING MOTION TO |
| | ) | DISMISS |
| vs. | ) | |
| | ) | |
| | ) | |
| T. STEWART, et al., | ) | |
| | ) | |
| Defendants. | ) | (Docket No. 11) |

Plaintiff, a California prisoner incarcerated at Pelican Bay State Prison ("PBSP") and proceeding pro se, filed the instant civil rights action pursuant to 42 U.S.C. § 1983 against PBSP prison officials.  Finding the complaint, liberally construed, stated two cognizable claims, the Court ordered service upon Defendants S. Wheeler, T. Lucarelli, and S. Trujillo at PBSP.  Defendants filed a motion to dismiss the complaint, (Docket No. 11), for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a). Plaintiff filed opposition, and Defendants filed a reply.

///

///

///

1

**DISCUSSION**

2
A.   Standard of Review

3
       The Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. § 1997e

4
to provide that "[n]o action shall be brought with respect to prison conditions under [42

5
U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or

6
other correctional facility until such administrative remedies as are available are

7
exhausted."  42 U.S.C. § 1997e(a).  Exhaustion is mandatory and no longer left to the

8
discretion of the district court.   Woodford v. Ngo, 548 U.S. 81, 84 (2006) (citing Booth

9
v. Churner, 532 U.S. 731, 739 (2001)).  "Prisoners must now exhaust all 'available'

10
remedies, not just those that meet federal standards."  Id.  Even when the relief sought

11
cannot be granted by the administrative process, i.e., monetary damages, a prisoner must

12
still exhaust administrative remedies.  Id. at 85-86 (citing Booth, 532 U.S. at 734).

13
       The PLRA's exhaustion requirement requires "proper exhaustion" of available

14
administrative remedies.  Id. at 93.  This requirement cannot be satisfied "by filing an

15
untimely or otherwise procedurally defective administrative grievance or appeal."  Id. at

16
84.  "The text of 42 U.S.C. § 1997e(a) strongly suggests that the PLRA uses the term

17
'exhausted' to mean what the term means in administrative law, where exhaustion means

18
proper exhaustion."  Id. at 92.  Therefore, the PLRA exhaustion requirement requires

19
proper exhaustion.  Id.  "Proper exhaustion demands compliance with an agency's

20
deadlines and other critical procedural rules because no adjudicative system can function

21
effectively without imposing some orderly structure on the course of its proceedings."  Id.

22
at 90-91 (footnote omitted).  Accordingly, the filing of an untimely grievance or appeal is

23
not proper exhaustion.  See id. at 92.  A prisoner must complete the administrative review

24
process in accordance with the applicable procedural rules, including deadlines, as a

25
precondition to bringing suit in federal court.  See id. at 87; see also Johnson v. Meadows,

26
418 F.3d 1152, 1159 (11th Cir. 2005) (holding that, to exhaust remedies, a prisoner must

27
file appeals in the place, and at the time, the prison's administrative rules require); Ross v.

28
County of Bernalillo, 365 F.3d 1181, 1185-86 (10th Cir. 2005) (same).

1    The State of California provides its inmates and parolees the right to appeal

2    administratively "any departmental decision, action, condition, or policy which they can

3    demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15,

4    § 3084.1(a).  It also provides its inmates the right to file administrative appeals alleging

5    misconduct by correctional officers.  See id. § 3084.1(e).  In order to exhaust available

6    administrative remedies within this system, a prisoner must proceed through several

7    levels of appeal: (1) informal resolution, (2) formal written appeal on a CDC 602 inmate

8    appeal form, (3) second level appeal to the institution head or designee, and (4) third level

9    appeal to the Director of the California Department of Corrections and Rehabilitation.  Id.

10   § 3084.5; Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997).  This satisfies the

11   administrative remedies exhaustion requirement under § 1997e(a).  Id. at 1237-38.

12   Nonexhaustion under § 1997e(a) is an affirmative defense.  Jones v. Bock,

13   127 S. Ct. 910, 922-23 (2007); Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).

14   Defendants have the burden of raising and proving the absence of exhaustion, and

15   inmates are not required to specifically plead or demonstrate exhaustion in their

16   complaints.  Jones, 127 S. Ct. at 921-22.  As there can be no absence of exhaustion unless

17   some relief remains available, a movant claiming lack of exhaustion must demonstrate

18   that pertinent relief remained available, whether at unexhausted levels or through

19   awaiting the results of the relief already granted as a result of that process.  Brown v.

20   Valoff, 422 F.3d 926, 936-37 (9th Cir. 2005).

21   A nonexhaustion claim should be raised in an unenumerated Rule 12(b) motion

22   rather than in a motion for summary judgment.  Wyatt, 315 F.3d at 1119.  In deciding

23   such a motion – a motion to dismiss for failure to exhaust nonjudicial remedies – the

24   court may look beyond the pleadings and decide disputed issues of fact.  Id. at 1119-20.

25   If the court concludes that the prisoner has not exhausted nonjudicial remedies, the proper

26   remedy is dismissal without prejudice.  Id. at 1120.

27   ///

28   ///

B.   Legal Claims

Petitioner alleges that Defendants Wheeler, Lucarelli violated his Eighth Amendment right to be free from cruel and unusual punishment and his First Amendment right to free exercise of religion when they double-celled him on August 25, 2005, with an Evangelical Christian, who posed a threat to and ultimately attacked Plaintiff because Plaintiff was a Satanist

Defendants argue that between August 25, 2005, the date of the alleged injury, and February 25, 2008, the date when Plaintiff filed the instant complaint, Plaintiff failed to exhaust any inmate appeals grieving the claims herein. (Defs.' Mot. at 5.) Defendants have provided the declarations of C. Wilber, the Inmate Appeals Coordinator at PBSP, and T. Emigh, the Assistant Chief of the Inmate Appeals Branch, sufficient to show that Plaintiff exhausted only one inmate appeal during the period in question, *i.e.*, log no. PBSP-07-1290, which concerned allegations of insufficient access to the SHU's law library. (See Emigh Decl. Ex. A & B.) Furthermore, the evidence shows that Plaintiff submitted eleven appeals between August 25, 2005 and February 25, 2008, and that none of these appeals are related to the claims in the instant complaint. (See Wilber Decl. at 2-3, Ex. A.)

Plaintiff does not dispute that he did not exhaust administrative remedies. Rather, Plaintiff claims that he was "precluded from exhausting administrative remedies" because of "Defendants' own actions." (Oppo. at 5.) According to Plaintiff, Defendants failed to either single cell him or to house him with another Satanist in accordance with a promise by the Unit Classification Committee. (Id. at 3.) Plaintiff also claims that Defendants unreasonably delayed in responding to his inmate appeal in which he complained of the Defendants' failure to honor the promise. (Id. at 4-5.)

The Court concludes that Plaintiff has failed to establish that he properly exhausted his administrative remedies regarding his claims in the instant complaint prior to filing this suit. Even accepting Plaintiff's allegations of Defendants' actions as true, there is no evidence to show that Plaintiff attempted to properly file an inmate appeal to exhaust his

1   claims.  Plaintiff submits PBSP-02-03309, which complained of the revocation of single-

2   cell status.  (Oppo. Ex. A-1.)  However, that grievance, which was filed on November 20,

3   2002, cannot be said to exhaust claims for an injury arising from an incident that occurred

4   on August 25, 2005.  Plaintiff also provides a copy of an inmate appeal filed on August 7,

5   2005, which was before the attack on August 25, 2005 occurred.  (Id., Ex. A-5.)  Lastly,

6   Plaintiff submits a copy of an inmate grievance filed on June 19, 2007, which was

7   rejected because it was duplicative and as untimely.  (Id., Ex. B-5.)  This appeal was not

8   properly exhausted as the PLRA's exhaustion requirement cannot be satisfied "by filing

9   an untimely or otherwise procedurally defective administrative grievance or appeal."

10  Ngo, 548 U.S. at 84.  "Proper exhaustion demands compliance with an agency's deadlines

11  and other critical procedural rules because no adjudicative system can function effectively

12  without imposing some orderly structure on the course of its proceedings."  Id. at 90-91

13  (footnote omitted).  Furthermore, the obligation to exhaust persists as long as some

14  remedy is available; when that is no longer the case, the prisoner need not further pursue

15  the grievance.  Brown v. Valoff, 422 F.3d 926, 934-35 (9th Cir. 2005).  Plaintiff's

16  obligation to exhaust continued after his appeal was rejected at the initial screening

17  because he was clearly informed on the form that he could still pursue an appeal: "This

18  screening decision may not be appealed unless you can support an argument that the

19  above is inaccurate.  In such a case, please return this form to the Appeals Office with the

20  necessary supporting information."  (Oppo., Ex. B-5 at 1.)  It is clear that Plaintiff failed

21  to properly exhaust his administrative remedies with respect to the claims in the instant

22  complaint.  Accordingly, Defendants' motion to dismiss will be GRANTED.

23      Because Plaintiff failed to exhaust his administrative remedies with respect to his

24  First and Eighth Amendment claims arising out of injuries incurred on August 25, 2005,

25  Defendants' motion to dismiss the complaint (Docket No. 11) is GRANTED.  See 42

26  U.S.C. § 1997e(a).  This action is DISMISSED without prejudice to Plaintiff refiling after

27  all available administrative remedies have been properly exhausted.  Wyatt, 315 F.3d at

28  1120.

**CONCLUSION**

For the foregoing reasons, the motion to dismiss by Defendants Wheeler, Lucarelli, and Trujillo for failure to exhaust administrative remedies (Docket No. 11) is GRANTED.  The claims against them are **DISMISSED** without prejudice.

IT IS SO ORDERED.

DATED: ___3/13/09_____        _____

JEREMY FOGEL
United States District Judge