IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| KEVIN ROBY, | No. C 08-01113 CW (PR) |
|---|---|
| Plaintiff, | ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS; SETTING BRIEFING SCHEDULE FOR FILING OF MOTION FOR SUMMARY JUDGMENT |
| v. | |
| T. STEWART, et al., | |
| Defendants. | (Docket no. 42) |

## INTRODUCTION

Plaintiff, a California prisoner incarcerated at Pelican Bay State Prison (PBSP) and proceeding pro se, filed the instant civil rights action pursuant to 42 U.S.C. § 1983 against PBSP prison officials alleging the violation of his constitutional rights.

On March 16, 2009, another Judge of this court granted Defendants' motion to dismiss for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a). See Docket no. 26. On appeal, the Ninth Circuit found that Defendants had failed to meet their burden of proving that the action should be dismissed for failure to exhaust and vacated the judgment of dismissal and remanded. See Docket no. 34. Defendants then filed a motion to dismiss the complaint on the ground that Plaintiff's claims are time-barred. See Docket no. 42. Subsequently, the case was reassigned to the undersigned. See Docket no. 69.

Now pending before the Court is Defendants' motion to dismiss, which has been briefed fully by the parties. For the reasons discussed below, the motion is GRANTED IN PART AND DENIED IN PART.

//
//

BACKGROUND

In his complaint, Plaintiff alleges that he is a practicing Satanist. Compl. at 4. Because of his religion, he allegedly has experienced various problems sharing a cell with Christian inmates, causing prison officials to place him on single cell status. Id. Plaintiff alleges that Defendants Correctional Officer II T. Lucarelli, Correctional Officer I S. Trujillo and Captain S. Wheeler, acted with deliberate indifference to his safety and impeded his ability to practice Satanism, because of their disdain for his religion. Compl. at 7-8. Specifically, Plaintiff alleges that Lucarelli violated his constitutional rights by intentionally terminating his single cell status in November 2002, creating the potential for violence; Trujillo and Wheeler violated his constitutional rights by falsifying a classification committee hearing transcript to reflect incorrectly that Plaintiff had agreed to share a cell with any available inmate; and Trujillo did nothing to correct this error and protect Plaintiff from harm when Plaintiff told him about it. Id. at 4-5, 7.

DISCUSSION

A. Legal Standard

A motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure should be granted if the complaint does not proffer "enough facts to state a claim for relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A statute of limitations defense may be raised by a motion to dismiss if the running of the relevant statute of limitations is apparent on the face of the complaint. Ledesma v. Jack Stewart Produce, Inc., 816 F.2d 482,

2

484 n.1 (9th Cir. 1987). When a motion to dismiss is based on the running of a statute of limitations, the motion can be granted "only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." Jablon v. Dean Witter & Co., 614 F.2d 677, 682 (9th Cir. 1980) (citation omitted).

In considering a motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff and accept all factual allegations as true. See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Federal courts are particularly liberal in construing allegations made in pro se civil rights complaints. See Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002). In ruling on a Rule 12(b)(6) motion, the court may not consider any material outside the complaint but may consider exhibits attached thereto. See Arpin v. Santa Clara Valley Transportation Agency, 261 F.3d 912, 925 (9th Cir. 2001); Fed. R. Civ. P. 10(c) (treating exhibits attached to complaint as part of complaint for purposes of Rule 12(b)(6) motion).

B. Statute of Limitations for § 1983 Claims

Defendants argue Plaintiff's claims against them are time-barred because the complaint was not filed within the applicable limitations period. Section 1983 does not contain its own limitations period. See Elliott v. City of Union City, 25 F.3d 800, 802 (9th Cir. 1994). Rather, the appropriate period is that of the forum state's statute of limitations for personal injury torts. See Wilson v. Garcia, 471 U.S. 261, 276 (1985). In the event the state has multiple statutes of limitations for different torts, federal courts considering claims brought pursuant to § 1983

3

borrow the general or residual statute for personal injury actions. See <u>Silva v. Crain</u>, 169 F.3d 608, 610 (9th Cir. 1999).

Prior to January 1, 2003, California's general residual statute of limitations for personal injury actions was one year. See <u>Maldonado v. Harris</u>, 370 F.3d 945, 954 (9th Cir. 2004) (citing Cal. Code Civ. Proc. § 340(3)). Effective January 1, 2003, the statute of limitations was extended to two years. <u>Id.</u> at 955 (citing Cal. Code Civ. Proc. § 335.1). The two-year statute of limitations does not apply retroactively to claims accruing before January 1, 2003, except for victims of the September 11, 2001 terrorist attacks. <u>Id.</u>

1. Tolling

When applying state statutes of limitations to federal claims, federal courts also must apply corresponding state tolling provisions. <u>TwoRivers v. Lewis</u>, 174 F.3d 987, 992 (9th Cir. 1999). A provision of California law provides tolling for imprisonment. Specifically, California Civil Procedure Code section 352.1 recognizes imprisonment as a disability that tolls the statute of limitations when a person is "imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term of less than for life." Cal. Code Civ. Proc. § 352.1(a). The tolling is not indefinite, however; the disability of imprisonment delays the accrual of the cause of action for a maximum of two years. <u>See id.</u>

Here, Plaintiff is serving a life sentence without the possibility of parole. Consequently, Defendants argue, the tolling provision of section 352.1 does not apply to him. Although the literal reading of section 352.1 tolls the statute of limitations

4

only for persons who are serving terms of imprisonment less than for life, California case law holds that a prisoner serving a life sentence is entitled to the tolling benefit of section 352.1. See Grasso v. McDonough Power Equip., 264 Cal. App. 2d 597, 601 (1968) (holding that provision restricting tolling to those serving terms of less than for life did not apply to prisoner serving term of life with possibility of parole because the "reason [for the tolling restriction] has virtually disappeared" in view of changes in California law since the provision was enacted, which afford greater civil rights to life prisoners). The Ninth Circuit has recognized that "[t]he California courts have read out of the statute the qualification that the period of incarceration must be 'for a term less than for life' in order for a prisoner to qualify for tolling." Jones v. Blanas, 393 F.3d 918, 928 n.5 (9th Cir. 2004) (citing Grasso); see also Martinez v. Gomez, 137 F.3d 1124, 1126 (9th Cir. 1998) (applying tolling provision to prisoner sentenced to life in prison with possibility of parole because "Grasso remains the most accurate prediction of what the California Supreme Court would hold as the law.")

Based on the interpretation and application of section 352.1 that has evolved since the ruling in Grasso, the Court agrees with those courts that have found that all prisoners are entitled to application of the two-year tolling provision, even those not sentenced to a term of less than for life. See Ayala v. Ayers, 2011 WL 4434541, *2 (N.D. Cal.) (applying Grasso to find prisoner sentenced to death entitled to statutory tolling under section 352.1); Arisman v. Woodford, 2008 WL 901694, *2 (N.D. Cal.) (same). There is no guarantee that a prisoner sentenced to either life with

5

1  the possibility of parole or an indeterminate sentence of, for
2  example, fifteen or twenty-five years to life, ultimately will be
3  released on parole.  Consequently, the holdings in Grasso and
4  Martinez, which addressed claims brought by prisoners serving terms
5  of life with the possibility of parole, cannot be distinguished on
6  the ground that Plaintiff is serving a term of life without the
7  possibility of parole.  Plaintiff is entitled to application of the
8  two-year tolling provision.
9  C.   Plaintiff's Claims
10      Federal, not state, law determines when a civil rights claim
11 accrues.  TwoRivers, 174 F.3d at 991.  Under federal law, "a claim
12 accrues when the plaintiff knows or has reason to know of the
13 injury which is the basis of the action."  Id.
14      1.   Claim against Lucarelli
15      Plaintiff alleges that in May 2002, PBSP staff, in reliance on
16 a mental health clinician's recommendation that Plaintiff be
17 single-celled or housed with another Satanist, placed Plaintiff on
18 single-cell status.  Compl. at 4.  But, on November 17, 2002,
19 Lucarelli allegedly violated Plaintiff's Eighth and First Amendment
20 rights by terminating his single-cell status because Lucarelli was
21 offended that PBSP was accommodating a Satanist.  Id.  Thus,
22 Plaintiff's claim against Lucarelli accrued on November 17, 2002,
23 the date he alleges Lucarelli terminated his single-cell status.
24 Applying the one-year statute of limitations then in effect
25 together with the two-year tolling provision of section 352.1,
26 Plaintiff had until November 17, 2005 to file a complaint against
27 Lucarelli, absent any additional tolling.  He filed the present
28 complaint on February 25, 2008.

The Ninth Circuit holds that "the applicable statute of limitations must be tolled while a prisoner completes the mandatory [administrative] exhaustion process." Brown v. Valoff, 422 F.3d 926, 943 (9th Cir. 2005). Plaintiff alleges that on November 20, 2002, he administratively grieved Lucarelli's actions and asked to be placed back on single-cell status. He further alleges that his grievance was granted partially at the second level of review on February 5, 2003, when the warden issued a modification order requiring that a Unit Classification Committee (UCC) re-evaluate Plaintiff's appropriate cell designation, taking into consideration the health clinician's recommendation. Compl at 4; Defs.' Req. Judicial Not., Ex. A. Defendants argue that because Plaintiff did not appeal this decision to the Director's level of review, he did not complete the exhaustion process and, consequently, under Brown, he is not entitled to tolling during the administrative grievance process.

Even if the statute was tolled, Plaintiff had until February 5, 2006 to file a lawsuit against Lucarelli, but did not file the present complaint until February 28, 2008, more than two years after the limitations period expired. Accordingly, the claim against Lucarelli is time-barred unless Plaintiff is entitled to additional non-statutory tolling.

        a.    Equitable Estoppel

Plaintiff argues that he is entitled to invoke the doctrine of equitable estoppel to prevent dismissal of his claim against Lucarelli as time-barred. Equitable estoppel "focuses primarily on the actions taken by the defendant in preventing a plaintiff from filing suit." Santa Maria v. Pacific Bell, 202 F.3d 1170, 1176

7

United States District Court
For the Northern District of California

(9th Cir. 2000). For the court to find equitable estoppel against a defendant, "the plaintiff must point to some fraudulent concealment, some active conduct by the defendant 'above and beyond the wrongdoing upon which the plaintiff's claim is filed, to prevent the plaintiff from suing in time.'" Lukovsky v. San Francisco, 535 F.3d 1044, 1052 (9th Cir. 2008). Here, Plaintiff maintains Lucarelli is equitably estopped from arguing that Plaintiff's claim against him is time-barred because Plaintiff's delay in filing his complaint against Lucarelli was induced by Trujillo and Wheeler's fraudulent conduct. The conduct on which such argument is based, however, is the same conduct that underlies Plaintiff's claims of wrongdoing against Trujillo and Wheeler in the present complaint. Accordingly, Plaintiff is not entitled to invoke the doctrine of equitable estoppel with respect to his claim against Lucarelli.

    b. Equitable Tolling

  Plaintiff further argues that the statute of limitations should be equitably tolled for the period in which he sought relief against Defendants through state habeas proceedings. To invoke the equitable tolling doctrine, a three-part test must be satisfied: (1) timely notice to the defendant in filing the first claim; (2) lack of prejudice to the defendant in gathering evidence to defend against the second claim; and (3) good faith and reasonable conduct by the plaintiff in filing the second claim. Collier v. City of Pasadena, 142 Cal. App. 3d 917, 924 (1983). "Application of the three-part test is mandatory." Cervantes v. City of San Diego, 5 F.3d 1273, 1275-76 (9th Cir. 1993).

  "The timely notice requirement essentially means that the

8

first claim must have been filed within the statutory period." Collier, 142 Cal. App. 3d at 924. Here, Plaintiff filed his first state habeas petition on July 26, 2007. As discussed above, under California law Plaintiff was required to file his claim against Lucarelli by February 5, 2006 at the latest. Because he did not file his first state habeas petition until more than one year later, the filing of that petition does not satisfy the essential "timely notice" requirement of the three-part equitable tolling test. Accordingly, Plaintiff is not entitled to equitable tolling of the limitations period for his claim against Lucarelli.

        c.    Summary

Based on the above, the Court finds that Plaintiff's claim against Lucarelli is barred by the statute of limitations, he is not entitled to invoke the doctrine of equitable estoppel, and the claim is not subject to equitable tolling. Accordingly, the motion to dismiss this claim is GRANTED.

    2.    Claims Against Trujillo and Wheeler

        a.    Falsification of Housing Agreement

Plaintiff alleges that on February 20, 2003, he attended a UCC hearing, also attended by Wheeler and Trujillo, that was convened to determine his proper housing status, as required by the February 5, 2003 modification order. Compl. at 4. According to Plaintiff, during the hearing it was agreed by all parties that he would be housed only with another Satanist. Id. But Wheeler and Trujillo allegedly falsified the hearing transcript to state that Plaintiff indicated during the hearing that he "never wanted to be single[] cell[ed]," and would house with anyone. Id. at 4-5.

Plaintiff apparently first learned of the allegedly falsified

9

transcript on August 6, 2005, during a disciplinary hearing convened because he refused to accept a Christian cellmate. Id. at 4; Defs.' Req. Judicial Not., Ex. B. He alleges that he submitted an administrative grievance on August 7, 2005, requesting that the error be corrected. Compl. at 5. The grievance initially was rejected because Plaintiff had not yet attempted to resolve the dispute informally with his assigned counselor. Id. He submitted the grievance to his counselor on August 30, 2005, and his counselor partially granted it on September 2, 2005, allowing Plaintiff to raise his housing concerns during his next UCC hearing scheduled for later that month. Defs.' Req. Judicial Not., Ex. B. Plaintiff did not appeal his counselor's decision to the first formal level of review. See id. In a declaration submitted earlier in this litigation, Plaintiff alleged that, some time between mid-September and mid-October 2005, Counselor O'Dell advised him not to pursue his administrative grievance further.

    Defendants argue that Plaintiff's claims against Wheeler and Trujillo concerning their alleged falsification of the hearing transcript accrued on August 6, 2005, the date on which Plaintiff alleges he first learned of Wheeler and Trujillo's alleged misconduct, and that those claims are time-barred because the statute of limitations was not tolled under Brown and Plaintiff, therefore, was required to file suit under the two-year statute of limitations that went into effect on January 1, 2003, i.e., by August 6, 2007. Alternatively, they argue that, even if the statute was tolled under Brown, it was tolled, at the latest, until October 18, 2005, when Counselor O'Dell told Plaintiff not to pursue his administrative grievance further, which would have

10

required Plaintiff to file his lawsuit by no later than October 18, 2007.

The Court need not address whether Plaintiff's administrative grievances served to toll the statute; even if they did not, the claim is timely. Specifically, if Plaintiff's claim accrued on August 6, 2005, the date on which he allegedly learned of the falsified transcript, he had a total of four years (two years pursuant to the statute of limitations (Cal. Code Civ. Pro. § 335.1) and two years pursuant to the statutory tolling provision (Cal. Code Civ. Pro. § 352.1)), i.e., until August 6, 2009, to file a lawsuit against Wheeler and Trujillo. Because the present action was filed on February 28, 2008, the claims are not time-barred.

b. Deliberate Indifference to Safety

Plaintiff alleges that, on or around August 24, 2005, he attempted to notify Trujillo of the potential danger to his safety once he was forced to double-cell with an Evangelical Christian inmate, but Trujillo did nothing to help him. Compl. at 5, 7. The inmate ended up stabbing Plaintiff.

Plaintiff does not allege that he administratively grieved Trujillo's alleged inaction. Compl. at 2. Thus, Defendants argue, Plaintiff had two years, i.e., until August 24, 2007, to file a complaint against Trujillo, and the instant claim, filed on February 25, 2008, is time-barred. As discussed above, Plaintiff had a total of four years to file suit for claims that arose after January 1, 2003. Accordingly, because Plaintiff was not required to file a lawsuit bringing this claim against Trujillo until August 24, 2009, the claim is not time-barred.

//

11

c. Summary

Based on the above, Defendants' motion to dismiss the claims against Trujillo and Wheeler as time-barred is DENIED.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Defendants' motion to dismiss all claims against Defendant Lucarelli as time-barred is GRANTED.

2. Defendants' motion to dismiss the claims against Trujillo and Wheeler as time-barred is DENIED.

3. No later than ninety days from the date of this Order, Defendants shall file a motion for summary. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

   a. Plaintiff's opposition to the motion for summary judgment shall be filed with the Court and served on Defendants no later than sixty days after the date on which Defendants' motion is filed. The Ninth Circuit has held that the following notice should be given to pro se plaintiffs facing a summary judgment motion:

   > The defendant has made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
   >
   > Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute

12

>about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted [in favor of the defendants], your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc).

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce evidence in support of those allegations when he files his opposition to Defendants' dispositive motion. Such evidence may include sworn declarations from himself and other witnesses to the incident, and copies of documents authenticated by sworn declaration. Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

  b. Defendants shall file a reply brief no later than thirty (30) days after the date Plaintiff's opposition is filed.

  c. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

4. Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

5. All communications by Plaintiff with the Court must be served on Defendants' counsel, by mailing a true copy of the document to Defendants' counsel.

6. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.

7. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than fifteen days prior to the deadline sought to be extended.

This Order terminates Docket no. 42.

IT IS SO ORDERED.

DATED: 3/30/2012

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE