United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KEVIN ROBY,

            Plaintiff,

    v.

T. STEWART, et al.,

            Defendants.
_____/

No. C 08-01113 CW (PR)

ORDER DENYING MOTION
FOR CERTIFICATION FOR
INTERLOCUTORY APPEAL;
SETTING BRIEFING
SCHEDULE FOR MOTION FOR
SUMMARY JUDGMENT

(Docket no. 74)

INTRODUCTION

    Plaintiff, a state prisoner incarcerated at Pelican Bay
State Prison (PBSP) and proceeding pro se, filed the present
civil rights action pursuant to 42 U.S.C. § 1983, alleging the
violation of his constitutional rights by prison officials at
PBSP.

    On March 30, 2012, the Court granted in part and denied in
part Defendants' motion to dismiss the claims as time-barred.
Docket no. 73.  Specifically, as relevant to the present motion,
the Court found that the statutory tolling provision set forth at
California Code of Civil Procedure section 352.1 applies to
claims brought by prisoners such as Plaintiff, who are
incarcerated for a term of life without the possibility of
parole.[1]  Id. at 4:12-6:8.  Consequently, the Court granted
Defendants' motion to dismiss as time-barred all claims against

_____

    [1] Section 352.1 recognizes imprisonment as a disability that
tolls the statute of limitations when a person is "imprisoned on
a criminal charge, or in execution under the sentence of a
criminal court for a term of less than for life."  Cal. Code Civ.
Proc. § 352.1(a).

Defendant Lucarelli, but denied the motion to dismiss the claims against Defendants Trujillo and Wheeler and ordered them to file a motion for summary judgment, if warranted.

Trujillo and Wheeler now move to certify the Court's order for interlocutory appeal and to stay further proceedings in this matter pending resolution of that appeal.  For the reasons discussed below, the Court denies Defendants' motion and sets a briefing schedule for their motion for summary judgment.

DISCUSSION

A.   Legal Standard

A district court may certify an appeal of an interlocutory order only if three factors are present: (1) the issue to be certified must involve a "controlling question of law," (2) there must be "substantial ground for difference of opinion" on the issue, and (3) it must be likely that an interlocutory appeal will "materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b).  These requirements are jurisdictional, and the party seeking certification bears the burden of demonstrating that they have been satisfied.  Couch v. Telescope Inc., 611 F.3d 629, 633 (9th Cir. 2009).

"Section 1292(b) is a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly."  James v. Price Stern Sloan, Inc., 283 F.3d 1064, 1068 n.6 (9th Cir. 2002).  Thus, the court should apply the statute's requirements strictly, and should grant a motion for certification only when exceptional circumstances warrant it.  Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978).  A district court has substantial discretion in deciding whether to

grant a party's motion for certification.  <u>Brown v. Oneonta</u>, 916
F. Supp. 176, 180 (N.D.N.Y. 1996), <u>rev'd in part on other
grounds</u>, 106 F.3d 1125 (2nd Cir. 1997).

B.   Discussion

1.   Controlling Question of Law

Establishing that a question of law is controlling requires
a showing that the "resolution of the issue on appeal could
materially affect the outcome of litigation in the district
court."  <u>In re Cement Antitrust Litig.</u>, 673 F.2d 1020, 1026
(9th Cir. 1982).  Examples of such questions are "those relating
to jurisdiction or a statute of limitations which the district
court has decided in a manner which keeps the litigation alive
but which, if answered differently on appeal, would terminate the
case."  <u>United States v. Woodbury</u>, 263 F.2d 784, 787 (9th Cir.
1959).

In this case, the applicability of California Code of Civil
Procedure § 352.1 to Plaintiff's claims is a controlling question
of law: if the Court's order finding the tolling provision
applicable to Plaintiff's claims were reversed, judgment would be
entered in Defendants' favor and the case closed.

2.   Substantial Ground for Difference of Opinion

A party's strong disagreement with the court's ruling is not
sufficient to constitute a substantial ground for difference of
opinion.  <u>Couch</u>, 611 F.3d at 633.  To determine if a substantial
ground for difference of opinion exists under § 1292(b), courts
must examine to what extent the controlling law is unclear.  <u>Id.</u>

Courts traditionally will find that a substantial ground for
difference of opinion exists where "the circuits are in dispute

United States District Court
For the Northern District of California

3

on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented." Id. (quotation and citation omitted).  However, "just because a court is the first to rule on a particular question or just because counsel contends that one precedent rather than another is controlling does not mean there is such a substantial difference of opinion as will support an interlocutory appeal." Id. (quotation and citation omitted).

In the present action, the Ninth Circuit cases of Martinez v. Gomez, 137 F.3d 1124 (9th Cir. 1998), and Jones v. Blanas, 393 F.3d 918 (9th Cir. 2004), establish the controlling law with respect to the statutory interpretation of California Code of Civil Procedure § 352.1.  Together, those cases make clear (1) that the construction and application of CPC § 352.1 is dictated by California case law; (2) the California Court of Appeal's opinion in Grasso v. McDonough Power Equipment, Inc., 264 Cal. App. 2d 597, 599-601 (1968) "is the most accurate prediction of what the California Supreme Court would hold as the law" concerning application of the statute's tolling provision, Martinez, 137 F.3d at 1126; and (3) the court in Grasso "read out of the statute the qualification that the period of incarceration must be 'for a term less than for life' in order for a prisoner to qualify for tolling." Jones, 393 F.3d at 928 n.5.

No Ninth Circuit or California case addresses the precise tolling question at issue in this action, that is, whether the tolling provision of California Code of Civil Procedure § 352.1 applies to prisoners who are serving terms of life without the

4

possibility of parole.  Consequently, in order to determine the

proper application of state law in this case, this Court applied

the reasoning and holdings of <u>Martinez</u> and <u>Jones</u>.  Under such

circumstances, the Court's conclusion that the tolling provision

applies to Plaintiff's claims does not demonstrate a substantial

ground for difference of opinion.  <u>See</u> <u>Couch</u>, 611 F.3d at 634

(finding no substantial ground for difference of opinion where no

California court had addressed precise question of state law

decided by district court to find complaint stated claim for

relief).

Further, no substantial ground for difference of opinion

exists simply because, as Defendants note, there is no consensus

among the small number of district courts in California that have

decided the tolling question at issue in this case.  "That

settled law might be applied differently does not establish a

substantial ground for difference of opinion."  <u>Id.</u>

For these reasons, the Court finds Defendants have failed to

establish the requisite substantial ground for difference of

opinion.

3.   Materially Advance Termination of Litigation

In light of the legislative policy underlying § 1292, an

interlocutory appeal should be certified only when doing so

"would avoid protracted and expensive litigation."  <u>In re Cement</u>,

673 F. 2d at 1026.  If, in contrast, an interlocutory appeal

would delay resolution of the litigation, it should not be

certified.  <u>See</u> <u>Shurance v. Planning Control Int'l, Inc.</u>, 839

F.2d 1347, 1348 (9th Cir. 1988).

Certification of an interlocutory appeal in this matter

likely would delay the resolution of this case, which already has
been pending for more than four years.[2]  In particular, the issue
that Defendants seek to appeal is not a weighty matter that is
likely to be expedited on appeal, and the Court has ordered
Defendants to file a motion for summary judgment if warranted,
which could resolve the claims without the need for further
proceedings.  Thus, the Court concludes that certification of an
interlocutory appeal would not materially advance the termination
of this litigation.

        Based on the three factors discussed above, the Court finds
Defendants have failed to carry their burden of satisfying all of
the requirements necessary for certification for an interlocutory
appeal pursuant to 28 U.S.C. § 1292(b).  Accordingly, the motion
for certification is DENIED.

CONCLUSION

        For the foregoing reasons, the Court orders as follows:

        1.   Defendants' motion for certification for interlocutory
appeal is DENIED.

        2.   No later than <u>sixty days</u> from the date of this Order,
Defendants shall file a motion for summary judgment.  The motion
shall be supported by adequate factual documentation and shall
conform in all respects to Federal Rule of Civil Procedure 56.

---

        [2]Specifically, Plaintiff's complaint was filed in February
2008; Defendants' motion to dismiss the complaint for failure to
exhaust administrative remedies was granted in March 2009; the
Ninth Circuit reversed that decision and remanded the case to the
district court in March 2010; Defendants filed their motion to
dismiss the complaint as time-barred in April 2011; and,
following reassignment of the case to the undersigned in
September 2011, the motion to dismiss was denied in March 2012.

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1  If Defendants are of the opinion that this case cannot be

2  resolved by summary judgment, they shall so inform the Court

3  prior to the date the summary judgment motion is due.  All papers

4  filed with the Court shall be promptly served on Plaintiff.

5       3.  Plaintiff's opposition to the motion for summary

6  judgment shall be filed with the Court and served on Defendants'

7  counsel no later than <u>sixty days</u> after the date on which

8  Defendants' motion is filed.  The Ninth Circuit has held that the

9  following notice should be given to <u>pro se</u> plaintiffs facing a

10  summary judgment motion:

11       The defendant has made a motion for summary
12  judgment by which they seek to have your case
   dismissed.  A motion for summary judgment under Rule 56
13  of the Federal Rules of Civil Procedure will, if
   granted, end your case.

14       Rule 56 tells you what you must do in order to
15  oppose a motion for summary judgment.  Generally,
   summary judgment must be granted when there is no
16  genuine issue of material fact -- that is, if there is
   no real dispute about any fact that would affect the
17  result of your case, the party who asked for summary
   judgment is entitled to judgment as a matter of law,
18  which will end your case.  When a party you are suing
   makes a motion for summary judgment that is properly
19  supported by declarations (or other sworn testimony),
   you cannot simply rely on what your complaint says.
20  Instead, you must set out specific facts in
   declarations, depositions, answers to interrogatories,
21  or authenticated documents, as provided in Rule 56(e),
   that contradict the facts shown in the defendant's
22  declarations and documents and show that there is a
   genuine issue of material fact for trial.  If you do
23  not submit your own evidence in opposition, summary
   judgment, if appropriate, may be entered against you.
24  If summary judgment is granted [in favor of the
   defendants], your case will be dismissed and there will
25  be no trial.

26  See <u>Rand v. Rowland</u>, 154 F.3d 952, 962-63 (9th Cir. 1998) (en

27  banc).

28       Plaintiff is advised to read Rule 56 of the Federal Rules of
   Civil Procedure and <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986)

**United States District Court**
For the Northern District of California

(party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce <u>evidence</u> in support of those allegations when he files his opposition to Defendants' dispositive motion. Such evidence may include sworn declarations from himself and other witnesses to the incident, and copies of documents authenticated by sworn declaration.  Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

4.   Defendants shall file a reply brief no later than <u>thirty days</u> after the date Plaintiff's opposition is filed.

5.   The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

6.   Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure.  Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

7.   All communications by Plaintiff with the Court must be served on Defendants' counsel, by mailing a true copy of the document to Defendants' counsel.

8.   It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.

9.    Extensions of time are not favored, though reasonable extensions will be granted.  Any motion for an extension of time must be filed no later than fifteen days prior to the deadline sought to be extended.

This Order terminates Docket no. 74.

IT IS SO ORDERED.

DATED:  6/26/2012

_____
CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE