IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN ROBY,<br><br>        Plaintiff,<br><br>  v.<br><br>T. STEWART, et al.,<br><br>        Defendants. | Case No.: C 08-1113 CW (PR)<br><br>ORDER DENYING MOTION FOR SUMMARY JUDGMENT WITHOUT PREJUDICE, DENYING MOTION FOR EXTENSION OF TIME AS MOOT, GRANTING LEAVE TO CONDUCT WRITTEN DEPOSITIONS AND DENYING MOTION TO COMPEL WITHOUT PREJUDICE<br><br>(Docket nos. 86, 96, 105, 107) |

    Plaintiff, a state prisoner proceeding pro se, filed the present civil rights action pursuant to 42 U.S.C. § 1983, alleging the violation of his First and Eighth Amendment rights by prison officials at Pelican Bay State Prison (PBSP).

    On March 30, 2012, the Court granted in part and denied in part Defendants' motion to dismiss the claims as time-barred and directed Defendants to file a motion for summary judgment.  In so doing, the Court granted the parties leave to take discovery.  Thereafter, Plaintiff filed a motion requesting that the Court appoint a court officer to depose Defendants by way of written deposition.

    On December 21, 2012, Defendants filed a motion for summary judgment.  On January 29, 2013, the Court granted Plaintiff's motion for an extension of time to file his opposition because he was in the process of being transferred from PBSP to another prison, all of his property had been packed and removed from his cell, and he did not know how long it would take for his property

to be returned to him once he had been transferred. Plaintiff was directed to file his opposition by no later than April 19, 2013.

On April 4, 2013, Plaintiff filed a notice of change of address to Corcoran State Prison and a motion to compel discovery. On April 7, 2013, he filed a motion to extend the deadline to file his opposition to the motion for summary judgment in view of his outstanding motion to compel and because he has not yet been allowed access to his legal property at Corcoran.

Rule 56(d) of the Federal Rules of Civil Procedure provides a procedure by which a party may avoid summary judgment when such party has not had sufficient opportunity to discover affirmative evidence necessary to oppose the motion. See Garrett v. San Francisco, 818 F. 2d 1515, 1518 ( 9th Cir. 1987). In particular, Rule 56(d) provides that a court may deny a summary judgment motion and permit the opposing party to conduct discovery where it appears that the opposing party, in the absence of such discovery, is unable to present facts essential to opposing the motion. Fed. R. Civ. P. 56(d). A pending discovery motion is sufficient to raise a question as to whether the party opposing summary judgment should be permitted additional discovery, even if no request under Rule 56(d) has been made. See Garrett, 818 F.2d at 1518.

The Ninth Circuit has made clear that in cases involving pro se prisoners, summary judgment is not favored when discovery requests for relevant evidence are pending. In particular, the Ninth Circuit has noted:

2

> Under Rule 56(f), the court may postpone ruling on a summary judgment motion where the nonmoving party needs "additional discovery to explore 'facts essential to justify the party's opposition.'" Crawford-El v. Britton, 523 U.S. 574, 599 n.20 (1998) (quoting Fed. R. Civ. Pro. 56(f)). Though the conduct of discovery is generally left to a district court's discretion, summary judgment is disfavored where relevant evidence remains to be discovered, particularly in cases involving confined pro se plaintiffs. Klingele v. Eikenberry, 849 F.2d 409, 412 (9th Cir. 1988); Harris v. Pate, 440 F.2d 315, 318 (7th Cir. 1971) (Stevens, J.) (observing that the combined disabilities of self-representation and confinement hinder a plaintiff's ability to gather evidence). Thus summary judgment in the face of requests for additional discovery is appropriate only where such discovery would be "fruitless" with respect to the proof of a viable claim. Klingele, 849 F.2d at 412.

Jones v. Blanas, 393 F.3d 918, 930 (9th Cir. 2004) (parallel citations omitted).

Here, Plaintiff states that he is unable to oppose the motion for summary judgment because Defendants have refused to provide him with copies of an internal affairs report and portions of the Associate Warden's Central file concerning the events at issue in this case, which occurred more than seven years ago. He further maintains that Defendants have provided non-responsive answers to his requests for admissions and interrogatories concerning those events by asserting that they are unable to answer because of the lapse of time since the events transpired. As noted, Plaintiff has filed a motion to compel the production of the requested documents and information, and also seeks the appointment of a court officer to conduct written depositions.

3

The Court finds that the information sought by Plaintiff's outstanding discovery requests is relevant to the matters at issue herein and appears likely to lead to discovery that would not be fruitless with respect to proof of his First and Eighth Amendment claims.  Accordingly, Defendants' motion for summary judgment is DENIED without prejudice to Defendants filing a renewed motion for summary judgment once the pending discovery matters have been resolved.  See Fed. R. Civ. P. 56(d)(1).  Plaintiff's motion for an extension of time to oppose the motion for summary judgment is DENIED as moot.

The Court further finds that the motion to compel is premature, because there is no evidence in the record to suggest that Plaintiff has addressed this matter with Defendants' counsel before asking the Court to intervene, or that the parties have made a good faith effort to meet and confer to attempt to resolve any discovery dispute.[1]  Accordingly, the motion to compel is DENIED without prejudice.  The motion may be renewed if the discovery dispute is not resolved when the parties meet and confer.

The Court GRANTS Plaintiff leave to conduct written depositions pursuant to Rule 31 but finds the request for appointment of a court officer unnecessary; therefore, that

---

[1] The district court generally is not involved in the discovery process and only becomes involved when there is a dispute between the parties about discovery responses, which normally are exchanged between the parties without any copy sent to the court.  See Fed. R. Civ. P. 5(d).  Before filing any motion to compel discovery, the parties must make a good faith effort to meet and confer to attempt to resolve any discovery dispute, as is required by Civil Local Rule 37-1.  When a party is incarcerated, the parties may meet and confer via written communication.

4

request is DENIED.  Under Rule 31, Plaintiff may propound in written form the very same questions he would have asked orally. As with oral depositions, parties as well as non-parties may be examined by way of written depositions.  Fed. R. Civ. P. 31(a)(1).  Typically, a deponent answers written deposition questions orally, in the presence of a court officer.  See Fed. R. Civ. P. 31(b).  In the interest of justice, however, if Plaintiff uses the written deposition procedure, the Court will modify the procedure to allow the deponents to provide written answers to the written deposition questions.  This procedure will also resolve the issue of taking the testimony under oath, for the witnesses must verify the written responses (just as answers to written interrogatories are verified).

The parties shall comply with the discovery and briefing schedules set forth below.

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1. Defendants' motion for summary judgment is DENIED without prejudice.  Docket no. 96.

2. Plaintiff's motion for an extension of time to file an opposition to the motion for summary judgment is DENIED as moot. Docket no. 107.

3. Plaintiff's motion to compel discovery is DENIED without prejudice.  Docket no. 105.

4. Plaintiff's motion for a court appointed officer to conduct written depositions is DENIED.  Docket no. 86.

5. The parties shall abide by the following discovery and briefing schedules:

         a.    No later than July 1, 2013, the parties shall complete all discovery.

         b.    No later than July 15, 2013, the parties shall file all discovery-related motions.

         c.    No later than September 1, 2013, Defendants shall file their motion for summary judgment.

         d.    No later than September 30, 2013, Plaintiff shall file his opposition to Defendants' motion.

         e.    No later than October 15, 2013, Defendants shall file their reply to the opposition.

6.    No extensions of time with respect to the above deadlines will be granted absent compelling circumstances.

This Order terminates Docket nos. 86, 96, 105 and 107.

IT IS SO ORDERED.

Dated: 4/16/2013

                                      CLAUDIA WILKEN  
                                      UNITED STATES DISTRICT JUDGE